MATTER OF INSOLVENCY, IN THE CASE OF BLANCHARD.

The Court of Common Pleas refused to discharge a petitioner for the benefit of the Insolvent Laws, because in the advertisement of his application, the word "Junior" had been omitted to be added to his name. *Held,* that there is no remedy for the petitioner, but to make his application *de novo.*

A rule to show cause, why a *mandamus* should not issue, directed to the Judges of the Court of Common Pleas of the county of Morris, having at a previous term been granted.

*J. W. Miller,* now moved to make the rule absolute on the ground that the Judges of the common Pleas of Morris county refuse to discharge the petitioner, simply because in the advertisement of his application under the statute, the word "Junior" had been omitted to be added to his name; and cited 7 *Johns. R.* 549; 1 *Pick. R.* 388.

PER CURIAM. We are inclined to think the Judges of the Common Pleas erred in refusing a discharge, simply because of the omission of the word "Junior" to the petitioner's name; but it is unnecessary to decide that point, as this is not a proper case for a *mandamus.* The Court of Insolvency, has rendered a final judgment. We cannot reverse that upon this motion, nor can we command them by our writ, to reverse their own decision and to render another and specific judgment. We know of no remedy for the petitioner, but to make his application *de novo.*

*Rule discharged.*